IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYAN SCHAPER and CHRISTOPHER P. BOLSTER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 23-692-JLH ) |
| LENSAR, INC., NICHOLAS T. CURTIS, THOMAS R. STAAB, II, WILLIAM J. LINK, THOMAS B. ELLIS, TODD B. HAMMER, RICHARD L. LINDSTROM, JOHN P. MCLAUGHLIN, ELIZABETH G. O'FARRELL, AIMEE S. WEISNER, and GARY M. WINER, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Carmella P. Keener, COOCH & TAYLOR, P.A., Wilmington, DE. Chet B. Waldman, Carl L. Stine, Terrence Zhang, Justyn J. Millamena, WOLF POPPER LLP, New York, NY.

  *Attorneys for Plaintiffs Ryan Shaper and Christoper Bolster.*

Elena C. Norman, Anne Shea Gaza, Colin A. Keith, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE. Colleen C. Smith, LATHAM & WATKINS LLP, San Diego, CA. Kristin N. Murphy, Allie O'Hara, LATHAM & WATKINS LLP, Costa Mesa, CA.

  *Attorneys for Defendants LENSAR, Inc., Nicholas T. Curtis, Thomas R. Staab, II, William J. Link, Thomas B. Ellis, Todd B. Hammer, Richard L. Lindstrom, John P. Mclaughlin, Elizabeth G. O'Farrell, Aimee S. Weisner, and Gary M. Winer.*

November 18, 2024
Wilmington, Delaware

**JENNIFER L. HALL, U.S. DISTRICT JUDGE**

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (D.I. 52). Having reviewed the parties' submissions (D.I. 53, 54, 55, 56, 57) and the relevant authorities, the Motion to Dismiss (D.I. 52) will be granted.[1]

## I. BACKGROUND

Plaintiffs are shareholders of LENSAR, Inc. ("LENSAR" or "the Company"). Plaintiffs contend that they were harmed by a false and misleading Proxy Statement issued in connection with a transaction between LENSAR and North Run Capital, LP ("North Run"). The Second Amended Complaint (D.I. 50 ("SAC")) asserts claims under Sections 14(a) and 20(a) of the Exchange Act.

Because I write primarily for the parties, I assume familiarity with the allegations in the Second Amended Complaint.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Failure to State a Claim

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A possibility of relief is not enough. *Id.*

---

[1] Defendants requested oral argument on the motion (D.I. 58), but the Court concludes that oral argument is unnecessary. *See* D. Del. LR 7.1.4.

In determining the sufficiency of the complaint under the plausibility standard, the court must "disregard[] a pleading's legal conclusions," then "assume all remaining factual allegations to be true, construe those truths in the light most favorable to the Plaintiff, and then draw all reasonable inferences from them." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014)). The inquiry is not "whether a plaintiff will ultimately prevail" but instead only "whether the plaintiff is entitled to offer evidence to support his or her claims." *Grier v. Klem*, 591 F.3d 672, 676 (3d Cir. 2010).

B.   **Exchange Act Pleading Requirements**

Section 14(a) of the Exchange Act "makes it unlawful to solicit a proxy 'in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.'" *Jaroslawicz v. M&T Bank Corp.*, 962 F.3d 701, 709 (3d Cir. 2020) (quoting 15 U.S.C. § 78n(a)(1)). SEC Rule 14a-9, in turn, prohibits any proxy solicitation

> containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading . . . .

17 C.F.R. § 240.14a-9(a). Liability under Section 14(a) requires a showing that "(1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction." *Jaroslawicz*, 962 F.3d at 710 (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 228 (3d Cir. 2007)).

An omission from a proxy statement can violate Section 14(a) only "where '[(a)] the SEC regulations specifically require disclosure of the omitted information in a proxy statement, or [(b)]

4

the omission makes other statements in the proxy statement materially false or misleading.'" *Id.* (quoting *Seinfeld v. Becherer*, 461 F.3d 365, 369 (3d Cir. 2006)). In other words, absent an allegation that a defendant failed to make a disclosure specifically required by SEC regulations, a Section 14(a) plaintiff must demonstrate that a proxy statement is either materially false or misleading standing alone or is materially misleading in light of other facts that were not disclosed (*i.e.*, omitted). *Hysong v. Encore Energy Partners LP*, No. 11-781, 2011 WL 5509100, at *6 (D. Del. Nov. 10, 2011).

Section 14(a) claims are subject to certain heightened pleading requirements set forth in the Private Securities Litigation Reform Act. The PSLRA requires that a Section 14(a) complaint "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1); *see also Hysong*, 2011 WL 5509100, at *6 ("[I]n order to plead facts to sufficiently allege . . . a section 14(a) claim, a plaintiff must identify a precise statement in the proxy that is either affirmatively misleading in and of itself, or is rendered misleading by operation of a materially omitted fact."); *Heinze v. Tesco Corp.*, 971 F.3d 475, 480 (5th Cir. 2020) ("Even for omission-based claims, the plaintiff must identify specific 'statements [in the proxy statement]' that are rendered 'false or misleading' by the alleged omissions."). A complaint that fails to satisfy those requirements must be dismissed. 15 U.S.C. § 78u-4(b)(3)(A).

Under Section 20(a) of the Exchange Act, "[e]very person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable . . . ." 15 U.S.C. § 78t(a). To state

5

a claim under Section 20(a), the plaintiff must plead, among other things, an underlying Exchange Act violation by a controlled person or entity. *See California Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 159 n.21 (3d Cir. 2004) ("The lack of any predicate violation of the Securities Exchange Act of 1934 compels dismissal of control person claims.").

## III.  DISCUSSION

It is clear from reviewing the SAC that Plaintiffs think the North Run transaction was a bad decision. But a bad decision doesn't equal a Section 14(a) violation. Defendants contend that the SAC should be dismissed because it fails to adequately allege a materially false or misleading proxy statement. I agree.[2]

Before I get to the substance of the allegations, the parties have a threshold disagreement about whether the Court can and should consider the Proxy Statement itself when assessing whether the SAC identifies an actionable misstatement or omission. Plaintiffs take the unusual position that the Court *cannot* consider the Proxy Statement. I disagree. Plaintiffs allege that the Proxy Statement was false and misleading, and the PSLRA requires Plaintiffs' SAC to "specify each statement" in the Proxy Statement that is alleged to be misleading. The Proxy Statement itself is thus both integral to and explicitly relied on in the SAC, as it is the entire basis of Plaintiffs' claims. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (explaining that a document integral to or explicitly relied upon in the complaint may be considered on a motion to dismiss when the claims are based on that document). What's more, it is well established that "SEC filings" like the proxy statement here "are matters of public record of which the court can take

---

[2] Defendants also contend that the SAC should be dismissed because it fails to adequately allege both loss causation and a strong inference of negligence. Because I resolve the motion on other grounds, I don't need to consider those arguments.

judicial notice." *Id.* (citations omitted); *see also, e.g.*, *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002).

The SAC alleges that there were six purportedly materially false and misleading statements and omissions in the Proxy Statement (SAC ¶¶ 86–101), but Plaintiffs' briefing only points to four purported omissions. Accordingly, the Court will only consider those four.[3] They are as follows: (1) the Proxy Statement failed to disclose the reasons the Board recommended that the shareholders approve the removal of the beneficial ownership limitation (D.I. 55 at 9–12; SAC ¶¶ 89–91); (2) the Proxy Statement omitted the costs to the company if the proposal was rejected by the shareholders (D.I. 55 at 12–13; SAC ¶ 99); (3) the Proxy Statement omitted the company's internal budget projections (D.I. 55 at 13–15; SAC ¶¶ 92–93); and (4) the Proxy Statement omitted potential alternative financing options (D.I. 55 at 15–16; SAC ¶¶ 94–96).

The SAC does not comply with the PSLRA with respect to allegations (2), (3), and (4) because the SAC does not identify "a precise statement in the proxy that . . . is rendered misleading" by the purported omissions. *Hysong*, 2011 WL 5509100, at *6; *see also Heinze*, 971 F.3d at 480 (explaining that the PSLRA requires identification of specific proxy statements rendered false or misleading by the alleged omissions). Those allegations may not move forward.

With respect to purported omission (1), the SAC alleges that the Proxy's failure to disclose the "basis for the Board's recommendation to stockholders to approve the North Run Control Proposal" rendered misleading the following statement in the Proxy: "The Board of Directors unanimously recommends a vote **FOR** the approval of the North Run Proposal." (D.I. 54, Ex. E

---

[3] Notwithstanding that the SAC repeatedly uses the phrase "material misstatements and omissions" (SAC ¶¶ 4, 76, 78), the SAC alleges only omissions, not misstatements (*id.* ¶¶ 86–101). Defendants' Opening Brief argued that none of the six alleged omissions are actionable. (D.I. 53 at 10–17.) Plaintiffs' Answering brief only addressed four. (D.I. 55 at 8–16.)

7

at 11; SAC ¶ 89.) But the SAC fails to allege facts supporting a reasonable inference that the identified statement was false or misleading. Indeed, Plaintiffs do not dispute that, in truth and fact, the Board *did* recommend that the shareholders approve the proposal in the proxy. Moreover, the Proxy Statement *did* explain the reason for that recommendation: the Securities Purchase Agreement with North Star—which had already been consummated—obligated the Company to use its best efforts to solicit its stockholders' approval to remove the beneficial ownership limitation. (D.I. 54, Ex. C, D.)

Plaintiffs argue that the reasons the Board entered into the North Star deal would have been material to shareholders. But there is no duty under Section 14(a) to disclose all material information. *In re Keryx Biopharm., Inc.*, 454 F. Supp. 3d 407, 415 (D. Del. 2020); *Heinze*, 971 F.3d at 483 ("The texts of Section 14(a) and SEC Rule 14a-9 do not provide a freestanding cause of action to challenge any and all material omissions from proxy statements."). Allegation (1) is not actionable.

Because the SAC fails to adequately allege a materially false or misleading statement or omission, the Section 14(a) claim will be dismissed. And because the SAC fails to state a Section 14(a) claim, it also fails to state a Section 20(a) claim. *Laborers' Local #231 Pension Fund v. Cowan*, 300 F. Supp. 3d 597, 610 (D. Del. 2018) (citing *In re Aetna Sec. Litig.*, 617 F.3d 272, 285 (3d Cir. 2010)).

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (D.I. 52) will be GRANTED. Plaintiffs will be granted leave to amend to fix the deficiencies within 14 days.[4]

---

[4] The Court is skeptical that the events underlying this case could ever state a Section 14(a) claim. The Court will nevertheless grant Plaintiffs leave to amend the SAC to attempt to address the deficiencies identified above. Plaintiffs are reminded that the Court has an obligation under the PSLRA to make "specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint," and must "impose sanctions on any such party" found to violate Rule 11. 15 U.S.C. § 78u-4(c)(1)–(2).